UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARIO ROSALES

                      Plaintiff,

          -against-

COMPLAINT

Index No. 19-1629
Jury Trial Demand

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, AND NEW YORK CITY POLICE DEPARTMENT MEMBERS
JOHN AND JANE DOE'S last names and first names being fictitious, true names
Being unknown to Plaintiff's

                      Defendants,
-------------------------------------------------------------------------X

      Plaintiff MARIO ROSALES by his attorneys, Law of Office McGruder, PC complaining of the defendants, respectfully alleges as follows:

### PRELIMANRY STATEMENT :

    1.      This is a civil rights action that the City of New York and several New York City Police Officers violated 42 U.S.C. Section 1983 and 1988, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, that on December 20-22, 2017 defendants falsely arrested him and made false allegations about him to the Kings County District Attorney's Office. Furthermore defendants incarcerated plaintiff unjustly held him in custody for 48 hours prior to producing him in court for his arraignment in violation of New York City law, defendants also refused to allow Plaintiff to have medical treatment after several requests by Plaintiff to defendants. That lack of Medical treatment caused Mr. Rosales injury, pain and suffering.

2. Plaintiff Rosales seeks compensatory and punitive damages, pain and suffering attorney's fees and costs and such other and further relief as the Court deems just and proper. Plaintiff also asserts supplemental state and local law claims.

## JURISDICTION AND VENUE:

3. This action is brought pursuant to 42 U.S.C. Section 1983 and the fourth and Fifth and 8th Amendments to the United States Constitutions. Jurisdiction is conferred upon this /court by 28 U.S.C. Section 1331, 1343, and 1367.

4. Venue is proper in the Eastern District of New York pursuant 28 U.S.C. Section 1391(b) and (c).

## JURY DEMAND:

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES:

6. Plaintiff is a resident of the State of New York who lives in Brooklyn.

7. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

8. Defendants Officers John and Jane Doe members of the New York City Police Department who were acting under the color of state law and is their capacity as City Law enforcement officers at all relevant times. Officers are liable for directly participating in the

unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacity.

## STATEMENT OF FACTS:

9. Plaintiff, Mario Rosales is formerly employed by United Parcel Service (UPS) as a Driver. At the time of his arrest he had been so employed for approximately six months. On or around December 20, 2019 he was falsely arrested.

10. More specifically Mr. Rosales was held at gun point by members of the Loss Prevention team of UPS. They then held him against his will and contacted defendant New York City Police Department (hereinafter NYPD).

11. Mr. Rosales was first held at the 69th precinct and then sometimes later that day transported to Kings County Central Booking where he was to be arraigned within the 24 hours required by New York City Law.

12. Prior to arriving in central booking Mr. Rosales UPS uniform was taken from him by UPS. Mr. Rosales was then subjected to freezing temperatures wearing only a T-shirt and pants.

13. While in Police Custody and prior to seeing a Judge Mr. Rosales was held for Approximately 48 hours in violation of New York City Law.

14. While in custody and after the 24 hour time allowed and before seeing a judge Mr. Rosales started experiencing chest pains and orally notified the NYPD members staffing the holding area. He requested immediate medical treatment and defendant Officers refused his request.

15. He later passed out, fell and injured his back. He was revived by other inmates. Later he was transported to Brooklyn Methodist Hospital where he received treatment.

16. Mr. Rosales finally appeared before a Judge and was released on his own recognizance's (ROR).

17. Mr. Rosales continues to suffer significant pain and suffering based on being injured during his fall in custody at 120 Schemerhorn, Brooklyn, NY (Central Booking). He still seeks medical treatment from his injury and has had a reduced quality of life due to back pain stemming from his fall while in custody.

### Federal Claims :

### AND AS FOR A FIRST CAUSE OF ACTION
(Failure to Provide Emergency Medical Treatment In Violation 42 U.S.C. Section 1983 and the 8th Amendment to the United States Constitution):

18. Plaintiff repeats and re-alleges each allegation contained in paragraphs "1" through and " 17".

19. While in custody of defendants the City of New York, the NYPD and the Officers Mr. Rosales informed the Officers that he was becoming ill and needed emergency medical treatment.

20. Defendant Officers refused to contact any medical personnel for many hours after Mario Rosales' request . Mr.  then passed out, fell and was injured. Other inmates attempted to revive Mr. Rosales. Mr. Rosales was now injured and clearly ill and still was without any medical care.

21. This loss of consciousness, fall and injury occurred after the 24 hour arraignment requirement[1] but prior to Mr. Rosales being able to see a judge.

22. Several hours after the first request for medical attention and after several hours after holding him beyond the time allowed by precedent Defendant Officers finally contacted an ambulance which transported Mr. Rosales to Methodist Hospital where he was treated.

22. The fall from passing out injured Mr. Rosales back and that injury still plagues Mr. Rosales and affects his quality of life, causing him pain and suffering.

23. Losing Consciousness and the fall from the same which caused the back injury would likely be avoided if defendants had not held him past 24 hours. It would also likely have been avoided if Defendant Officers had contacted the medical professionals when they were first requested and needed.

### AND AS FOR A SECOND CAUSE OF ACTION:

(Deprivation of Rights Under 42 U.S.C. Section 1983)

24. Plaintiff repeats and re-alleges each allegation contained in Paragraphs "1" through "23" with the same force and effect as if fully set forth therein.

25. By the aforesaid acts, Defendants have violated Plaintiffs rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. Section 1983.

26. All of the aforementioned acts deprived plaintiff Mario Rosales of the rights and privileges and immunities guaranteed to citizens of the United States by the Fourth and

---

[1] *See* People ex rel Maxian v. Brown, 164 A.D. 2d 56 (1st Dept) (finding that in New York City holding defendants in custody in excess of 24 hours prior to seeing a judge is unreasonable).

Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. Section 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capabilities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30. As a result of the foregoing, plaintiff Mario Rosales, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AND AS FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment Under 42 U.S.C. §1983)

31. Plaintiff repeats and re-alleges every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiff Mario Rosales without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendants caused plaintiff MARIO ROSALES to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AND AS FOR THE FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

37. As a result of the foregoing, plaintiff MARIO ROSALES was deprived of his liberty and right to substantive due process due process, causing emotional injuries.

38. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to

compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### AND AS FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff MARIO ROSALES, whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff MARIO ROSALES's liberty was restricted for an extended period of time, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

43. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AND AS FOR THE SIXTH CAUSE OF ACTION

(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through " 43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, is are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Within ninety (90) days after the claims herein accrued, plaintiffs duly served upon, presented to, and filed with the CITY OF NEW YORK, Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

49. The CITY OF NEW YORK has wholly neglected or refused to make any adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

50. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

41. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

42. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AND AS FOR A SIXTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff, despite Plaintiff's innocence.

45. The Defendants' tortuous conduct, as set forth above herein, directly resulted in the Plaintiff being wrongfully subjected to physical restraints, imprisoned, brought before a court,

arraigned, fingerprinted, processed, and having bail set, to ultimately be released on his own recognizes.

46. As a result of the aforementioned conduct, plaintiff MARIO ROSALES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

47. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs, and disbursements of this action.

### AND AS FOR THE SEVENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' conduct, plaintiff MARIO ROSALES, was deprived of his right to security against unreasonable searches, seizures, and interceptions.

50. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AND AS FOR THE EIGTH CAUSE OF ACTION

(Negligence under the laws of the State of New York)

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through " 50" with the same force and effect as if fully set forth herein.

52. Plaintiff's injuries were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

53. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## AND AS FOR A NINTH CAUSE OF ACTION

(*Respondeat Superior* liability under the laws of the State of New York)

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" though "53" with the same force and effect as if fully set forth herein.

55. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

56. As a result of the foregoing, plaintiff MARIO ROSALES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiff MARIO ROSALES demands judgment and prays for the following relief, jointly and severally, against the defendant:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendant in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

By_____

Attorney for Plaintiff Mario Rosales

Law Offices of David McGruder
1825 Park Avenue, Suite 1102
New York, NY 10035
212 747-9311

Dated: New York, New York

MARCH     , 2019